IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Shirley A. Propst,          ) | Civil Action No. 8:05-0711-TLW-BHH |
| Plaintiff,     ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs.          ) | |
| ) | |
| Jo Anne B. Barnhart,       ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant.   ) | |

This case is before the court for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C, concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).

The plaintiff brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for disability insurance benefits under Title II of the Social Security Act.

The defendant has moved for Entry of Judgment with Order of Remand, pursuant to sentence four of 42 U.S.C. § 405(g)(2000). Under sentence four of 42 U.S.C. § 405(g), the court has the power to "enter, upon the pleadings and transcript of record, a judgment affirming, modifying or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing."

The defendant represents to the court that further administrative action is necessary in this case. The Administrative Law Judge (ALJ) did not schedule or hold a hearing, despite the plaintiff's request for one. Additionally, according to the defendant, the ALJ did not apply the sequential evaluation process in denying the plaintiff's claim. Accordingly, a remand for further administrative proceedings is appropriate.

Upon remand by the Court, the Appeals Council will remand the case to an ALJ for further consideration. The ALJ will be directed to conduct a hearing in accordance with 20 C.F.R. § 404.944 (2005), in which the plaintiff has the opportunity to present evidence and testify. The ALJ will decide the case by applying the sequential evaluation process required by 20 C.F.R. § 404.1520.

Now therefore, it is recommended that the Commissioner's decision be reversed under sentence four of 42 U.S.C. § 405(g) and the matter be remanded to the defendant for further administrative proceedings as set forth above.

IT IS SO RECOMMENDED.

s/ Bruce H. Hendricks
United States Magistrate Judge

May 3, 2005
Greenville, South Carolina